(70 Misc. Rep. 633.)

### PEOPLE v. BANK OF STATEN ISLAND.

### In re RUBSAM & HORRMANN BREWING CO.

(Supreme Court, Special Term, Albany County. January 28, 1911.)

1. BANKS AND BANKING (§ 80*)—INSOLVENT BANKS—DEPOSITORS.
    The relation which the depositors of an insolvent bank bear to the funds which have been or are to be distributed by order of court is fixed as of the time when the Superintendent of Banks closed the bank and took possession of its assets.
    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 80.*]

2. BANKS AND BANKING (§ 80*)—CLEARING HOUSE ASSOCIATIONS—RIGHTS OF AGENT.
    A national bank, which is the clearing bank in a clearing house association for a state bank, on which its depositor has drawn checks in the ordinary course of business and in good faith, may recognize the checks drawn on the day the Superintendent of Banks took possession of the state bank, and may pay the checks.
    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 80.*]

3. BANKS AND BANKING (§ 80*)—INSOLVENCY—RIGHTS OF DEPOSITORS.
    A depositor of an insolvent state bank drew its check on the bank on the day the Superintendent of Banks took possession thereof. On the next business day, a national bank, which was the clearing bank in the clearing house association for the state bank, paid the checks, which were drawn in the ordinary course of business and without anticipation of the insolvency of the state bank. Held that, since the assets of the state bank in the hands of the national bank as clearing house agent were pledged only to save it harmless under its contract to clear, the depositor was only entitled to the same percentage on its whole claim as other depositors who drew no checks received, and the right of the depositor to any dividend on his claim must be postponed until such time as the other creditors have received a percentage on their claims equal in amount to the percentage of the claim of the depositor received by the payment of its checks.
    [Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 80.*]

Action by the People against the Bank of Staten Island. Motion to confirm the report of the referee, and for judgment in accordance

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

therewith, in the matter of the contested claim of the Rubsam & Horrmann Brewing Company against defendant. Order entered.

Jellenik & Stern, for receiver.

Holt, Warner & Gaillard, for claimant.

RUDD, J. The Superintendent of Banks took possession under the law on the 31st day of December, 1903, of the Bank of Staten Island. An action was subsequently commenced by the Attorney General in the name of the People. Final judgment was entered in February, 1904.

Among the creditors of the institution was the claimant herein, Rubsam & Horrmann Brewing Company. The claimant had on deposit to its credit with the Bank of Staten Island on the 31st day of December, 1903, at 11 o'clock in the forenoon, the sum of $4,-647.69. On the next business day, which was January 2, 1904, the National Bank of Commerce, in New York, which was the clearing bank in the clearing house association for the Bank of Staten Island, paid checks drawn by the Rubsam & Horrmann Brewing Company on the Bank of Staten Island amounting to $2,789.56. The claimant here, therefore, subsequent to the closing of the bank, received the sum of $2,789.56 upon account of the moneys due on deposit to its credit with the Bank of Staten Island, and there is still owing to it the sum of $1,858.13, for which this claim has been filed.

All of the creditors of the Bank of Staten Island have been paid a dividend of 30 per cent., excepting such creditors as received payment through the National Bank of Commerce subsequent to the closing of the Bank of Staten Island, where the payment so received by said depositors exceeded the per cent. of dividend paid depositors who had not received any payment through the National Bank of Commerce. The claimant here having received a sum in excess of the dividend declared, no dividend has been paid to the claimant by the receiver. The referee has found that this claim should be disallowed as a general claim against the Bank of Staten Island, and that it should only be allowed as a valid claim against any fund which may remain in the hands of the receiver after depositors other than those similarly situated with reference to the fund as is the claimant herein shall have received in dividends a percentage of their claims equal to the percentage of their whole deposit received by Rubsam & Horrmann Brewing Company through the National Bank of Commerce.

The relation which all depositors in the Bank of Staten Island bear to the fund, which has been or is to be distributed by direction of the court, was fixed and determined as of the 31st day of December, 1903, at 11 o'clock in the forenoon; in other words, at the exact time when the Superintendent closed the bank and took possession of its assets. No question here arises as to the absolute good faith of the claimant in drawing the checks which were subsequently paid through the clearing house. They were drawn in the ordinary course of business, and without anticipation by the claimant here of the situation which developed subsequently to the drawing of the

checks. The payment of the checks through the clearing house gave to the claimant whose checks were thus paid a preference over the other depositors in the distribution of the fund, if the theory of the claimant here is to be sustained.

This action is one in equity. Every step taken and each result reached should indicate a recognition of the equitable relations which do and must exist. It was proper for the National Bank of Commerce to recognize the checks drawn by the claimant on funds deposited with the Bank of Staten Island. Such agreements must be had. Commercial transactions in great volume can only be had through such agreements and by such methods. The claimant should not have, in the distribution of the avails of the bankrupt institution, an advantage over the other depositors having funds in the bank at the time its business was suspended.

This claimant, who has already participated in the assets by the payment of its checks through the clearing house, had no preferential right to the assets at the time the Superintendent took possession. The assets of the Bank of Staten Island in the hands of the clearing house agent were not pledged to secure these depositors, but it was only to save harmless the Bank of Commerce from damages under its contract to clear. The claimant here is entitled only to the same percentage on its whole claim as are the creditors who drew no checks, and the distribution of the assets of the bank through this receivership should relate back, as has been heretofore intimated, and be determined as of the day when the Superintendent took possession, and in that way only can equity be done between these parties.

An order may be entered disallowing the claim of the Rubsam & Horrmann Brewing Company, or postponing the payment of any dividend upon such claim until such time as the creditors of the bank who did not receive payment through the National Bank of Commerce subsequent to the closing of the Bank of Staten Island shall have received a percentage upon their claims equal in amount to the percentage of the claim of the Rubsam & Horrmann Brewing Company, which it received subsequent to the closing of the Bank of Staten Island by the payment of its checks through the clearing house by the National Bank of Commerce.